IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARREN L. CEPHAS,       | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-1176 |
| | : | |
| DELAWARE COUNTY, *et al.*, | : | |
|     Defendants. | : | |

<u>**MEMORANDUM**</u>

**HENRY, J.**                                                                                              **OCTOBER 30, 2025**

    *Pro se* Plaintiff, Darren L. Cephas brings claims pursuant to 42 U.S.C. § 1983 against prison officials at the George W. Hill Correctional Facility in Delaware County, where he was recently incarcerated as a pretrial detainee.  Cephas alleges constitutional violations in connection with the unsanitary conditions under which food is prepared at the prison.  Cephas was previously granted leave to proceed *in forma pauperis*.  Upon screening under 28 U.S.C. § 1915(e)(2), the Court dismissed his original Complaint asserted against the prison and its kitchen food services only and permitted him to file an amended complaint.  (*See* ECF No. 8.)  Cephas returned with the pending Amended Complaint.  For the following reasons, the Court will dismiss Cephas's Amended Complaint.  Cephas may file a second amended complaint if he believes he can cure the defects the Court notes in his claims.

**I.**     **FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[1]

    In his initial Complaint, Cephas named only the George W. Hill Correctional Facility and its food services department and asserted Fourteenth Amendment due process claims based on

---

[1] The facts are taken from Cephas's Amended Complaint, which consists of one handwritten page.  (ECF No. 12.)  Court adopts the pagination supplied by the CM/ECF docketing system.

the unsanitary conditions under which food was prepared at the jail.  (*See* ECF No. 2.)  The Court dismissed the Complaint, concluding that because neither a jail nor its department are "persons" under § 1983, Cephas failed to name a proper Defendant.  (ECF No. 8.)

Cephas returned with an Amended Complaint, naming the following Defendants: Delaware County, the George W. Hill Correctional Facility, Francis, John Doe 1, and the "dietary department."  (Am. Compl. at 2.)  The facts in Cephas's Amended Complaint are brief.[2]  He alleges that Francis is the supervisor of the dietary department and is being named as a Defendant "for not inspecting food before sending it to the block and for not having a sanitary workplace."  (*Id.*)  Francis allegedly "[d]id nothing to fix the problem" because "roaches were still visible."  (*Id.*)  Cephas states that "[t]his caused [him] severe sickness and illness" with a dangerous bacteria that cause death from food poisoning."  (*Id.*)  Based on these allegations, he requests five million dollars. (*Id.*)

## II.    STANDARD OF REVIEW

As Cephas is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher*

---

[2] Cephas may not have appreciated that his Amended Complaint superseded the original Complaint.  *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019), *cert. denied*, 140 S. Ct. 1611 (2020) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity.  Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*) (holding that "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings").

*v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At the screening stage, the Court will accept the facts alleged in the *pro se* Amended Complaint as true, draw all reasonable inferences in Cephas's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.  As Cephas is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.    DISCUSSION

The Court understands Cephas to again assert Fourteenth Amendment conditions-of-confinement claims based on the alleged contamination of the prison food caused by cockroaches.[3]  Cephas asserts constitutional claims pursuant to § 1983, the statute enabling a plaintiff to raise claims for violations of the federal constitution.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences

---

[3] Because Cephas was a pretrial detainee when the underlying incidents occurred, the Fourteenth Amendment, and not the Eighth Amendment, governs his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).

giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Cephas fails to assert a plausible Fourteenth Amendment condition-of-confinement claim against any Defendant.[4] Prison officials have a constitutional duty to provide humane conditions of confinement, including taking reasonable measures to guarantee the health and safety of the inmates. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). To establish a basis for a Fourteenth Amendment violation, a pretrial detainee must allege that his conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979); *Camps v. Giorla*, 843 F. App'x 450, 452 (3d Cir. 2021) (*per curiam*). "Unconstitutional punishment typically includes both objective and subjective components." *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). "[T]he objective component requires an inquiry into whether the deprivation was sufficiently serious and the subjective component asks whether the officials acted with a sufficiently culpable state of mind." *Id*. (internal quotations and alterations omitted). To satisfy the subjective component of the analysis, a prisoner generally must assert that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the

---

[4] To the extent that Cephas reasserts claims against the George W. Hill Correctional Facility and the "dietary department," the claims are dismissed because a correctional facility and its prison departments are not considered "persons" under § 1983 and are thus not legal entities susceptible to suit. *See Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013) (*per curiam*); *Ruff v. Health Care Adm'r*, 441 F. App'x 843, 845-46 (3d Cir. 2011) (*per curiam*) (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)). In addition, although Cephas names "John Doe 1" in the caption, there are no allegations against this Defendant in the body of the Amended Complaint. Thus, to the extent that Cephas intended to assert claims against "John Doe 1," the claims will also be dismissed. *See Rode*, 845 F.2d at 1207. Finally, although Cephas appears to name Delaware County in the caption of the Amended Complaint, there are no facts asserted against this Defendant. Nor do the allegations support any plausible claim against Delaware County. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.55 (1978) (stating that to plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights).

detainee's health or safety.  *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991); *see Edwards v. Northampton Cnty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (*per curiam*).

      Cephas's generalized allegations about once getting sick after eating contaminated prison food are insufficient to satisfy either the objective or subjective components of a due process claim.  A constitutionally adequate diet "must provide adequate nutrition, but corrections officials may not be held liable [as to claims of inadequate food] unless the inmate shows both an objective component (that the deprivation was sufficiently serious) and a subjective component (that the officials acted with a sufficiently culpable state of mind)." *Duran v. Merline*, 923 F. Supp. 2d 702, 719-20 (D.N.J. 2013).  Regarding the objective component, Cephas does not allege any details about the alleged incident, including what happened, when it occurred, who was involved, and how he was specifically harmed.  His vague and conclusory allegations do not support a plausible claim that the single incident of contaminated food was sufficiently serious. *See Duran*, 923 F. Supp. 2d at 720 (stating that "isolated instances of contaminated or spoiled food, while certainly unpleasant, are not unconstitutional") (internal citation omitted).  Regarding the subjective component, Cephas's allegations do not support a plausible inference that Francis or any other Defendant acted with the requisite culpable state of mind with respect to food quality.  Without any allegation necessary to demonstrate substantial nutritional deprivation or subjective recklessness, the claims are implausible.

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss Cephas's Amended Complaint.  Cephas will be permitted to file a second amended complaint in the event he can plead additional facts to cure the defects the Court noted as to his claims.  An appropriate Order follows, which offers additional guidance on amending to the extent Cephas wishes to do so.