IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARREN L. CEPHAS,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 25-CV-1176** |
| | : | |
| **DELAWARE COUNTY,** *et al.*, | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this 30th day of October, 2025, upon consideration of Plaintiff Darren L. Cephas's *pro se* Amended Complaint (ECF No. 12), it is **ORDERED** that:

1. The Clerk of Court is **DIRECTED** to update the caption of this case to reflect the Defendants named in the Amended Complaint as follows: Delaware County, the George W. Hill Correctional Facility, Francis, John Doe 1, and the "dietary department."

2. The Amended Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum.

3. Cephas may file a second amended complaint within thirty (30) days of the date of this Order. Any second amended complaint must identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for Cephas's claims against each defendant. The second amended complaint must also provide as much identifying information for the defendants as possible. Cephas may refer to a defendant by last name only if that is the only identifying information possessed. If Cephas wishes to name individuals for whom he does not have any

identifying information, he may refer to those individuals as John Doe #1, John Doe #2, etc.[1] The second amended complaint shall be a complete document that does not rely on the initial Complaint, the Amended Complaint, or other papers filed in this case to state a claim. In other words, Cephas must include all facts and all claims he intends to pursue in this lawsuit in his second amended complaint. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (explaining that "an amended pleading supersedes the original pleading and renders the original pleading a nullity" and that "the most recently filed amended complaint becomes the operative pleading"). Anything that is not included in the second amended complaint will not be considered part of the claims moving forward in this litigation. When drafting his second amended complaint, Cephas should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as explained in the Court's Memorandum. Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

4. The Clerk of Court is **DIRECTED** to send Cephas a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Cephas may use this form to file his second amended complaint if he chooses to do so.

5. If Cephas does not wish to file a second amended complaint and instead intends to stand on his Amended Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an

---

[1] Without the name of at least one individual or entity, however, the Court may be unable to direct service of any amended complaint that Cephas may file.

appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

6. If Cephas fails to file any response to this Order, the Court will conclude that Cephas intends to stand on his Amended Complaint and will issue a final order dismissing this case.[2]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

/s/ Catherine Henry
**CATHERINE HENRY, J.**

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint.  *See Weber*, 939 F.3d at 241 & n.11; *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary.").